UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRUCE KIRCHNER,

       Plaintiff,

vs.

CASE NO.:

LAURA LYNN LAVALLE
d/b/a YO! TACO; and ANTHONY JOHN
LAVALLE, a/k/a "JACE" LAVALLE,
Individually,

       Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, BRUCE KIRCHNER ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, LAURA LYNN LAVALLE d/b/a YO! TACO ("YO TACO") and ANTHONY JOHN LAVALLE, a/k/a "JACE" LAVALLE ("LAVALLE"), individually, (collectively "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

### PARTIES

3. At all times material to this action, Plaintiff was a resident of Lee County,

1

Florida.

4. At all times material to this action, Defendant LAURA LYNN LAVALLE d/b/a YO! TACO was, and continues to be, engaged in business in Florida, doing business in Lee County.

5. Upon information and belief, at all times material to this action, Defendant LAVALLE, was and continues to be a resident of Lee County, Florida.

6. At all times material to this action, Defendant LAVALLE acted as a co-owner and/or operator of YO! TACO and regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of YO! TACO.

7. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of YO! TACO; (b) determine the work schedules for the employees of YO! TACO; and (c) control the finances and operations of YO! TACO, Defendant, LAVALLE, is an employer as defined by 29 U.S.C. §201 *et. seq.*

8. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

12. At all times material to this action, YO! TACO was, and continues to be, an

"enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant YO! TACO was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

14. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, kitchen equipment, telephones, and point of sale systems manufactured outside of Florida.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

**STATEMENT OF FACTS**

16. On or about April 2013 and continuing through December 11, 2016, Defendants hired Plaintiff as a non-exempt hourly paid employee to work at Defendants' company, with the title of "Kitchen Closing Manager."

17. Plaintiff's duties were selling, serving, making food, expediting, cleaning, and closing.

18. While Plaintiff was initially paid an hourly wage through April 2014, he was subsequently paid a salary. In all, or nearly all, of his weeks of employment with Defendants, Plaintiff worked for Defendants in excess of forty (40) hours within each workweek.

19. Throughout his employment, including while salaried, Plaintiff did not supervise two or more full-time employees or their equivalents.

20. Throughout his employment, including while salaried, Plaintiff's primary duty

did not include the exercise of discretion or independent judgment with respect to matters of significance to the business.

21. From the beginning of his employment through December 2016, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

22. When Plaintiff was an hourly-paid employee, he was paid only his regular rate, with no overtime premiums, for overtime hours.

23. When Plaintiff was a salaried employee, he was paid only his weekly salary, with no overtime premiums, for overtime hours.

24. Plaintiff should be compensated at the rate of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

25. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

26. Defendants have violated Title 29 U.S.C. § 207 from at least April 2013, to December 11, 2016, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants; and

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek.

27. Upon information and belief, Defendants' failure and/or refusal to properly

compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew or should have known, that payment of overtime premiums for all hours over forty (40) worked in each workweek was, and is, due.

28. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

29. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff re-alleges paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. From the beginning of his employment to the present, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

33. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

34. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered

5

and continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 20th day of March, 2017.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*